## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

IN RE:                                                          CASE NO:

David S. Cunningham and
Jennifer A. Cunningham

Debtors                                                    CHAPTER 13


### AMENDED CHAPTER 13 PLAN

[ ] Original                                                    [ X] Modification #1
[ X ] Original Provisions A5 and E4 were removed from the Trustee Standard Plan

**A. PLAN PAYMENTS**
   1. Debtors will make payments in the amount of $175.00 per month, paid weekly in installments of $40.39 via wage assignment, for 5 months; thereafter Debtors will make payments in the amount of $1,463.00 per month, paid in weekly installments of $337.62 via wage assignment, for 32 months; thereafter Debtors shall pay $1,913.00 per month, paid in weekly installments of $441.46 via wage assignment, for 16 months; and finally shall pay $2,313.00 per month, paid in weekly installments of $533.77 via wage assignment; for 7months.
   2. Debtors estimate the Plan length of 60 months. **The Plan payment will commence not later than 30 days from the date of filing of the voluntary petition or date of conversion.**
   3. **Debtors will pay all statutory adequate protection payments thru the Trustee office.** As such provided the Debtors begin the required payments to the Trustee, adequate protection will begin at confirmation unless otherwise ordered by the Court.
   4. Debtors will turnover copies of federal and state income tax returns each year of the Plan to the Trustee.
   5. To meet the best interests of creditors test, the means test and/or the disposable income test, the general unsecured creditors, priority creditors, mortgage creditor and Trustee (in the form of fees) shall receive no less than $23,650.00.

**B. DISBURSEMENTS BY TRUSTEE**
   **1. CLASS ONE-ADMINISTRATIVE EXPENSES:**
      a. *Trustee fees* as determined by statute.
      b. *Attorney fees and costs:* Attorneys fees will be paid after Class Two, Four and Nine monthly payments are post petition current.
      X An agreed fee of $0 less amounts paid as disclosed in the Rule 2016(b) Statement, leaving a
        balance due of $0 plus costs advanced in the amount of $0 which totals
        $0.
        Attorney's fees to be applied for and approved by the Court.

   **2. CLASS TWO-CONTINUING CLAIMS:** Those secured claims on which the last payment is due beyond the length of the Plan. Trustee shall commence payments from the date of this amended plan unless the proof of claim provides for a later date. This class will be paid their monthly payment pro-rata with the Class Four and Nine.

| CREDITOR | ADDRESS OF COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| Citimortgage | 9051 South Bond Cemetery Road Amboy, IN 46911 | $1,288.00 |

**5. CLASS FIVE-SECURED CREDITORS-MOTION TO AVOID LIEN:** Class Five creditors were secured at one time, but is **stripped and voided** as the value of the Creditor's interest in the collateral is $0.00. The secured status of the following creditor's claim shall be, upon discharge, completely stripped away by §506(f) and, pursuant to §1327(c), the Debtors' property shall be free and clear of all said pre petition liens listed below. **Class Five creditors shall only have a Class Eight unsecured claim which must be timely filed to be allowed.**

**LEGAL DESCRIPTION OF PROPERTY:**

| LIEN HOLDER | CITY/COURT COUNTY RECORDED | CAUSE OR MORTGAGE ACCT NUMBER | JDMT DATE OR MORTGAGE DATE | JDMT AMT OR MORTGAGE AMT |
|---|---|---|---|---|

**6. CLASS SIX-PRIORITY UNSECURED CLAIMS §1322 (A)(2):** All allowed priority claims entitled to priority under §11 U.S.C. 507 shall be paid in full during the Plan. This class will be paid pro-rata after Class Three Secured Claims are paid in full.

**7. CLASS SEVEN-SPECIAL UNSECURED CLAIMS:** Class Seven claims shall be paid in full and concurrently with Class Six Priority Unsecured Claims.

| CREDITOR | AMOUNT | REASON FOR SPECIAL TREATEMENT |
|---|---|---|

**8. CLASS EIGHT-GENERAL UNSECURED CLAIMS:** General Unsecured Claims shall be paid a pro-rata.

**9. CLASS NINE-EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES OF PERSONAL PROPERTY** [11 U.S.C. §1322(b)(7) AND 11 U.S.C.§365 Class Nine creditors shall be paid their continuing, post petition monthly lease payment directly by the Debtors. Class Nine creditors shall be paid their pre-petition default in the amount set forth below pro-rata with Class Three creditors.

**CONTINUING, POST-PETITION OBLIGATIONS:**

| CR EDITOR | COLLATERAL | ASSUME/REJECT | REGULAR PAYMENT | CONTRACT EXPIRATION DATE |
|---|---|---|---|---|
| | | 11/2009 | | |

**PRE-PETITION DEFAULT:**

| CREDITOR | COLLATERAL | | ESTIMATED AMT OF DEFAULT |
|---|---|---|---|

Those executory contracts and/or unexpired leases not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the plan with respect to any rejected executory contract or unexpired lease assumed that is to be paid directly by the Debtors.

C. <u>PAYMENTS MADE DIRECTLY BY THE DEBTORS</u>

   1. **CLASS ONE – CONTINUING CLAIMS THAT ARE CURRENT AS OF THE DATE OF THE FILING OF THE PETITION. DEBTORS** shall commence payments from the date of the filing of the petition.

| CREDITOR | ADDRESS OF COLLATERAL |
|---|---|
| FBFCU | 9051 South Bond Cemetery Road, Amboy, IN 46911 (2006 Dodge Ram) |

   2. **Class Two – Secured Claims that are co-signed.** Debtor(s)/Co-signer(s) shall maintain regular monthly payments from the date of the petition.

| CREDITOR | ADDRESS OF COLLATERAL |
|---|---|

D. <u>PROPERTY SURRENDERED</u>

   1. **SURRENDER OF COLLATERAL:** The Debtors will surrender Debtors' interest in the following collateral securing each allowed secured claim filed by the following creditors. Upon the entry of the order confirming this Plan, the automatic stay imposed by 11 U.S.C. §362(a) shall be terminated pursuant to 11 U.S.C. §362(d). All surrendered secured property will be surrendered in full satisfaction of that secured creditor's claim.

| CREDITOR | COLLATERAL |
|---|---|
| HSBC Bank Nevada | Dirt Bike |

<strong>FAILURE TO TIMELY OBJECT TO CONFIRMATION OF THIS PLAN PROVISION SHALL BE DEEMED ACCEPTANCE OF SAID PROVISION IN ALL RESPECTS</strong>

E. <u>GENERAL PROVISIONS</u>

   1. **Vesting, Possession of Estate Property and Lien Retention:** Upon confirmation of the Plan, all property listed in the Debtors' schedules will vest in the Debtors [11 U.S.C. §1327(b)]. The Debtors will remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

   2. **Debtors' Causes of Action:** Debtors will file a Motion to Hire Counsel and Motion to Compromise for all causes of actions held by the Debtors.

   3. **Surrender or Abandonment of Collateral:** Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned. All surrendered property will be treated as surrendered in full satisfaction of the secured creditor's claim.

   4. **Proof of Claims Required for Distributions:** To receive distributions from the trustee under this Plan **all creditors, including holders of secured claims,** must file a proof of claim with the bankruptcy Court.

   5. **Debtors Duty to Maintain Insurance:** Debtors will maintain all insurance required by law and contract upon property of the estate and the Debtors' property.

   6. **Curing of Mortgage Defaults:** The rights of holders of claims secured by a mortgage on real property of the Debtors, proposed to be cured in paragraph 2 section B of this Plan, shall be modified only to the extent paying the amounts specified in paragraph 2 section B, while making all required post petition principal, interest and escrow payments, shall result in full reinstatement of the mortgage according to it original terms, extinguishing any rights of the mortgage holder to recover any amount alleged to have

arisen prior to or during the pendency of the case, other than costs of collection and post petition costs and fees as outlined below.

**7. Duty of Mortgage Holder to file and serve Notice and Opportunity to Object to Escrow Changes: Each year, Class Two Creditors shall file with the Bankruptcy Court and serve on all parties a Notice with Opportunity to Object Indicating the monthly mortgage payment change, if any, from the escrow analysis.** This notice shall contain the escrow calculation showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B).  Absent objection, the Trustee, upon entry of an Order of the Court, will modify the monthly payment in accordance with the Notice provided.

**8.  Duty of Mortgage Holder to file and serve Notice and Opportunity to Object to Post Petition Fees and Costs Incurred pursuant to the Mortgage. Each year, Class Two Creditors shall file with the Bankruptcy Court and serve on all parties a Notice with Opportunity to Object indicating any post petition costs, fees or other contract charges, including attorney fees for the preparation of said Notice, incurred in the prior 12 months.**  Absent objection, those fees and costs would be deemed allowed as an administrative expense and paid thru the estate as an allowed claim pro rata with Class Six Priority Claims.  All costs of collection, including attorney's fees, post petition costs and other contract charges that accrue under the mortgage that arise during the pendency of this case may only be claimed by the mortgage pursuant to the provisions of this section, and if not so claimed, are waived upon completion of this Plan and may not be asserted thereafter.

**9. Entry of Orders Lifting Stay:**  Upon entry of order lifting stay, with the exception of Financial Builders Federal Credit Union on the 2006 Dodge Ram, no distributions shall be made to the secured creditor as their claims will be treated as surrendered in full satisfaction of their secured claim.

**10.  Secured Claims will be paid the value listed in the Plan or the Value of the collateral listed in the proof of claim-whichever is less.**

**11.  It is the Debtors' intent to provide for every claim** unless specifically stated otherwise.  Unless the claim is set forth specifically in this Plan as a secured claim, the Debtors are purposely classifying the claim as unsecured.

12.  **Other provisions:**

> (a)  Debtors agree that they will turn over their federal and state tax refunds aggregating over $500.00 to the Trustee for application to the funding of his Chapter 13 Plan payments beginning with the tax year 2010  (with return due on or before April 15, 2011) and thereafter until the Plan is terminated.

> (b)   The Debtors have a second mortgage loan with GMAC which is wholly unsecured according to the independent appraisal of the residence completed on the date of March 3, 2010.  This second mortgage shall be treated as unsecured and paid pro rata with all other unsecured creditors. Debtors anticipate filing a separate Complaint to Determine Lien Rights in this case to determine said lien as stripped and released of record.

Dated: _9/29/2010_

Debtor: _____

Debtor: _____

Attorney: _____